**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>***ex rel.*** **IRWIN SALTZMAN,**<br><br>***Qui Tam*** **Plaintiff,**<br><br>**VS**<br><br>**TEXTRON SYSTEMS CORPORATION,**<br>**AVCO CORPORATION,**<br>**TEXTRON, INC., MICHAEL LUBRANO**<br>**and JOHN DOE(S),**<br><br>**Defendants.** | **Civil Action No. 1:09-cv-11985(RGS)** |

**MEMORANDUM OF CONFERENCE**
**PER F.R.C.P. 26(F) AND LOCAL RULE 16.1**

NOW COME the parties to the above-captioned matter, by and through undersigned counsel, and pursuant to Fed.R.Civ.P. 26(f) and Local Rule 16.1, hereby state as follows:

Fed.R.Civ.P. 26(f):

1) The parties have conferred pursuant to Fed.R.Civ.P. 26(f)(1) and such conference could not to be held at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b). The Rule 16(b) conference is presently scheduled to occur on May 13, 2011, at 3:00 p.m., but notice was not given until April 27, 2011. The subject conference was held May 2, 2011, being 11 days before the Rule 16(b) conference.

2) In conferring, the parties have:

   a) considered the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the cases;

b) made or arranged for the disclosures required by Rule 26(a)(1);

c) discussed any issues about preserving discoverable information; and

d) developed a proposed discovery plan.

The attorneys of record in the cases were jointly responsible for arranging the conference, attempted in good faith to agree on the proposed discovery plan, and hereby submit to the court, after the conference the instant written report outlining the plan. Due to the late notice of the scheduling conference, it could not occur within 14 days of the scheduling conference.

3) The parties hereby submit their written report outlining the proposed discovery plan and state their views and proposals on the following:

a) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

*The parties propose to extend the deadline for disclosures under Rule 26(a) from May 16, 2011, until* ***July 1, 2011,*** *and all parties will make their initial disclosures on or before that date. This proposal is to avoid unnecessary discovery practice should the Court allow the Defendants' pending motion to dismiss.*

b) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

<u>Subjects</u>: *Plaintiff may need discovery on the following non-exhaustive list of subjects:*

1. *the processes by which contracts between Defendants and the United States of America were entered into;*
2. *Payments made by for insurance under the Defense Base Act;*
3. *Whether Defendants charged the United State of America for insurance under the Defense Base Act;*
4. *Whether Defendants were permitted to charge the United States of America for insurance under the Defense Base Act;*
5. *Whether the United States of America paid Defendants in reimbursement for Defendants' insurance under the Defense Base Act.*

*Defendants may need discovery as to the following non-exhaustive list of subjects:*

1. *Documents and information in Plaintiff's custody to form the basis of the complaint.*

*The parties reserve the right to seek discovery on subjects beyond those stated here, within the confines of Rule 26.*

Completion Date: *The parties should complete discovery by one year from the date of the Rule 26(f) conference, being May 2, 2012. The parties reserve the right to seek additional time should it prove necessary.*

Phased/Focused: *The parties do not believe, at this time, that discovery should be conducted in phases or be limited to or focused on particular issues. The parties reserve the right to make future requests that discovery be phased or focused.*

c) any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;

*The parties are not aware of any issues about disclosure or discovery of electronically stored information, and the parties agree to produce electronically stored information in its native format, unless otherwise agreed at the time of discovery or ordered by the Court.*

d) any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order;

Issues: ***Defendants are involved in the business of supplying goods and services to the Armed Forces of the United States of America. Certain discovery may involve confidential information relating to national security, which disclosure may be prohibited.***

Order Needed: *The parties agree to confer and attempt to present a joint proposed order should this issue arise.*

e) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;

Changes: *The parties do not desire any changes in the limitations.*

Other Limitations: *The parties do not desire any additional limitations be imposed.*

f) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

Pursuant to Fed.R.Civ.P. 26(C), the parties desire that the Court issue protective orders on the following subjects:

a) Forbidding Disclosure or Discovery: *The parties are not currently seeking such an order.*
b) Specifying Terms, Including Time and Place, for Disclosure or Discovery: ***The parties seek to stay discovery pending the outcome of the Defendants' motion to dismiss. Should it be denied, the parties will confer to discuss a discovery schedule.***
c) Prescribing a Discovery Method other than the One Selected by the Party Seeking Discovery: *The parties are not currently seeking such an order.*
**d)** Forbidding Inquiry into Certain Matters, or Limiting the Scope of Disclosure or Discovery to Certain Matters: *The parties are not currently seeking such an order.* ***The parties anticipate that certain orders may be necessary to conform with national security requirements.***
**e)** Designating the Persons Who May be Present While the Discovery is Conducted: *The parties are not currently seeking such an order.* ***The parties anticipate that certain limits may be necessary to conform with national security requirements.***
f) Requiring that a Deposition be Sealed and Opened Only on Court Order: *The parties are not currently seeking such an order.* ***The parties anticipate that certain limits may be necessary to conform with national security requirements.***
g) Requiring that a Trade Secret or Other Confidential Research, Development, or Commercial Information not be Revealed or Be Revealed Only in a Specified Way. *The parties are not currently seeking such an order.* ***The parties anticipate that certain limits may be necessary to conform with national security requirements.***
h) Requiring that the Parties Simultaneously File Specified Documents or Information in Sealed Envelopes, to be Opened as the Court Directs: *The parties are not currently seeking such an order.*

*No protective orders are sought per Fed.R.Civ.P. 26(c), though the parties reserve the right to pursue such order after appropriate conference, should such be warranted.*

Pursuant to Fed.R.Civ.P. 16(b)(3)(A), the parties desire that the scheduling order set forth the following deadlines:

| ***Type of action*** | ***Time Limit*** | ***Proposed completion date*** |
|---|---|---|
| *Production of initial disclosures pursuant to F.R.C.P. 26(a)(1)* | ***2 months from the date of 26(f) conference*** | ***July 1, 2011*** |
| *Joinder of other Parties* | ***6 months from date of 26(f) conference*** | ***November 2, 2011*** |
| *Amendment of the Pleadings* | ***6 months from date of 26 (f) conference*** | ***November 2, 2011*** |
| *Completion of Discovery* | ***One year from date of 26(f)conference*** | ***May 2, 2012*** |
| *Motion for Summary Judgment Served* | ***60 days from close of discovery*** | ***July 1, 2012*** |
| *Opposition to Motion for Summary Judgment Served* | ***3 weeks from service of motion for summary judgment*** | ***July 22, 2012*** |
| *Reply to Opposition to Motion for Summary Judgment Served* | ***14 days from service of opposition*** | ***August 5, 2012*** |

Pursuant to Fed.R.Civ.P. 16(b)(3)(B), the parties desire that the scheduling order contain the following permissive contents:

a) Modification of the Timing of Disclosures under Rules 26(a) and 26(e)(1): *The parties desire change the timing of disclosures under Rule 26(a) from 14 days to* **2 months**. *The parties do not desire, at this time, to modify timing under Rule 26(e)(1).*
b) Modification of the Extent of Discovery: *The parties do not desire, at this time, to modify the extent of discovery.*
c) Provisions for Disclosure or Discovery of Electronically Stored Information: *The parties agree to produce electronically stored information in its native format, unless otherwise agreed or ordered.*
d) Agreements Reached by the Parties for Asserting Claims of Privilege or of Protection as Trial-Preparation Material after Information is Produces: ***The parties anticipate that certain orders may be necessary to conform with national security requirements***.

e) Setting Dates for Pretrial Conferences and for Trial: *The parties believe setting such dates are premature at this time.*
f) Other Appropriate Matters: *None.*

Local Rule 16.1(b):

Pursuant to Local Rule 16.1(b), counsel for the parties attempted to confer per Fed.R.Civ.P. 26(f), at least 21 days before the date for the scheduling conference for the purpose of:

(1) preparing an agenda of matters to be discussed at the scheduling conference,

(2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and

(3) considering whether they will consent to trial by magistrate judge or agreeing to mediation through the ADR program sponsored by the Court.

Unfortunately, due to the timing of the notice of the scheduling conference, the subject conference was held on May 2, 2011, being 11 days before the Rule 16(b) conference.

In accordance with the foregoing, the parties have prepared the following agenda of matters to be discussed at the scheduling conference:

a) formulating and simplifying the issues, and eliminating frivolous claims or defenses: *The parties do not believe such is required at this time.* ***Plaintiff's opposition to Defendants' pending motion to dismiss is not yet due, and argument is premature.***
b) amending the pleadings if necessary or desirable: *The parties recognize that the parties may need to amend their pleadings as discovery progresses.*
c) obtaining admissions and stipulations about facts and documents to avoid unnecessary proof, and ruling in advance on the admissibility of evidence: *The parties believe that such is premature at this time.*
d) avoiding unnecessary proof and cumulative evidence, and limiting the use of testimony under Federal Rule of Evidence 702: *The parties believe that such is premature at this time.*
e) determining the appropriateness and timing of summary adjudication under Rule 56: ***See proposed scheduling order above.***
f) controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37: *Other than setting a closing date of* ***May 2, 2012,*** *the parties do not seek any such orders at this time.* ***The parties anticipate that certain orders may be necessary to conform with national security requirements.***

g) identifying witnesses and documents, scheduling the filing and exchange of any pretrial briefs, and setting dates for further conferences and for trial: *The parties believe that such is premature at this time.*

h) referring matters to a magistrate judge or a master: *The parties do not seek such referral.*

i) settling the case and using special procedures to assist in resolving the dispute when authorized by statute or local rule: *The parties believe that such is premature at this time.*

j) determining the form and content of the pretrial order: *The parties desire no special form and only seek the content set forth herein.*

**k)** disposing of pending motions: ***Plaintiff's opposition to Defendants' motion to dismiss is not yet due and will be filed by May 18, 2011. Defendants will seek leave to file a reply memorandum due by June 1, 2011.***

l) adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems: *No such procedures are sought at this time.*

m) ordering a separate trial under Rule 42(b) of a claim, counterclaim, crossclaim, thirdparty claim, or particular issue: *No such order is sought at this time.*

n) ordering the presentation of evidence early in the trial on a manageable issue that might, on the evidence, be the basis for a judgment as a matter of law under Rule 50(a) or a judgment on partial findings under Rule 52(c): *No such order is sought at this time.*

o) establishing a reasonable limit on the time allowed to present evidence: *The parties believe that such a limit is premature at this time.*

p) facilitating in other ways the just, speedy, and inexpensive disposition of the action: *No other ways of disposing of the action are sought at this time.*

In accordance with the foregoing, the parties have prepared the foregoing proposed pretrial schedule for the case that includes the foregoing plan for discovery.

In accordance with the foregoing, the parties have considered whether they will consent to trial by magistrate judge and hereby report that they will not so consent.

<u>Local Rule 16.1(d)</u>:

Pursuant to Local Rule 16.1(d), the parties have considered the topics contemplated by Fed. R. Civ. P. 16(b) & (c) and 26(f), and hereby file, no later than five (5) business days before the scheduling conference the instant joint statement containing the requisite proposed pretrial schedule, including:

(1) a joint discovery plan scheduling the time and length for all discovery events:

*Please refer to the foregoing joint discovery plan. The plan (a) conforms to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b), and (b) takes into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial.*

(2) a proposed schedule for the filing of motions:

*Please refer to the foregoing schedule.*

(3) certifications signed by counsel:

*Undersigned counsel hereby certify and affirm that each party and that party's counsel have conferred (a) with a view to establishing a budget for the costs of conducting the full course—and various alternative courses--of the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.*

Date: May 12, 2011

Respectfully submitted,

**PLAINTIFF**,
By Relator's attorneys,

*/s/ Jay M. Wolman*______________________
Jay M. Wolman (BBO# 666053)
Stephen L. D'Angelo (BBO# 640900)
D'Angelo & Hashem, LLC
60 State Street, Suite 700
Boston, MA 02109
(617) 624-9777
Jay.Wolman@lawyeradvocates.com
Steve.DAngelo@lawyeradvocates.com

**DEFENDANTS,**
By their attorneys,

*/s/ Miranda Hooker*______________________
Miranda Hooker (BBO# 661569)
Karen F. Green (BBO# 209050)
Wilmer Cutler Pickering Hale & Dorr LLP
60 State Street

Boston, MA 02109
(617) 526-6333
Miranda.Hooker@wilmerhale.com
Karen.Green@wilmerhale.com

CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2011, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

*/s/Jay M. Wolman* ________________
Jay M. Wolman (BBO#666053)
D'Angelo & Hashem, LLC
60 State Street, Suite 700
Boston, MA 02109
(617) 624-9777
Jay.Wolman@lawyeradvocates.com